IN THE UNITED STATES DISTRICT COURT
                         FOR THE DISTRICT OF MARYLAND

IN RE: GEORGE T. MORAN, INC.    *
                                *
    Debtor                      *
                                *
*   *   *   *   *   *   *   *   Civil Action No. WMN-10-2101
                                *
GEORGE T. MORAN, INC.           *   (Bankruptcy No. 10-18337-RAG)
                                *
v.                              *   (Adversary No. 10-00296-RAG)
                                *
THE MIKE EGAN INSURANCE         *
AGENCY, INC.                    *
                                *
*   *   *   *   *   *   *   *   *   *   *   *   *   *   *

                              **MEMORANDUM**

    This is an adversary action between the Debtor, George T. Moran, Inc. (Moran) and its major creditor, The Mike Egan Insurance Agency, Inc. (Egan). Egan has filed a motion to withdraw the order of reference as to this adversary action on the ground that, because it has requested a jury trial, the trial of this matter must take place in the District Court. ECF No. 1 in Civ. No. WMN-10-2101. Trustee George W. Liebmann (Trustee), who has been substituted for Moran as Plaintiff, responded by filing a "Motion for Order Providing that [Egan] Has No Right to a Jury Trial." ECF No. 23 in Adv. No. 10-00296-

RAG.[1]  The procedural history leading to these motions is as follows.

Moran filed a voluntary petition under Chapter 11 on or about April 15, 2010.[2]  On May 5, 2010, Moran filed this adversary action seeking to recover payments in the amount of $75,000 which it made to Egan within the ninety-day period before it filed for bankruptcy making those payments, in Moran's view, voidable preferential payments.  Egan filed an answer to the complaint on June 14, 2010, and also filed a demand for jury trial and indicated that it did not consent to a jury trial before a bankruptcy judge.  With the answer and demand for jury trial, Egan filed the motion for order to withdraw reference.

Moran's previous counsel filed a response to the motion for order to withdraw reference suggesting that the Court deny the motion, without prejudice to Egan renewing the motion following the completion of discovery and resolution of any dispositive motions in the bankruptcy court.  After his appointment, however, the Trustee filed the pending motion for an order providing that Egan was not entitled to a jury trial on the ground that Egan waived its right to a jury trial by filing a claim in the underlying bankruptcy case.

---

[1] The parties have neglected to file the pleadings related to this motion in this Court.

[2] The bankruptcy case was converted to a Chapter 7 case on October 1, 2010, and Leibmann was appointed Trustee.

2

Egan has filed a proof of claim in the bankruptcy case in the amount of $579,416.84.  With the proof of claim, however, Egan filed a "reservation of rights" in which it stated that its claim was filed "under protest and without waiving any of its rights, including its Seventh Amendment right to a trial by jury."  Adv. No. 10-00296, ECF No. 25, Ex. 1 at 1.  Egan explained that, because its claim was based upon a state court judgment, it should not have been required to file a proof of claim.  It only had to do so, Egan argues, because Moran asserted in bad faith that the claim was disputed in order to force Egan to waive its constitutional right to a jury trial by filing a proof of claim.  Relying on the reservation of rights, Egan opposed the Trustee's motion.  Egan also argued that, should the Trustee's motion not be denied outright, "[a]t a minimum . . . the resolution of the Trustee's motion should await an evaluation of whether [Moran] had any good faith basis in law or fact to dispute the validity of [Egan's] state court judgment."  Id. at 3.

On two occasions, this Court has requested a report from the parties regarding the status of this action.  ECF Nos. 3 and 5.  In response to both requests, counsel for Egan has simply reported the pendency of these two motions.  Counsel for Moran or the Trustee did not respond to either request.  It is noted that, because the parties neglected to file in this Court the

papers related to the Trustee's motion, this Court's docket does not list the Trustee as a party or counsel to be noticed.  As a result, there is little in the record before this Court as to the status of either the adversary action or the underlying Chapter 7 case in the bankruptcy court.  It is not clear that there is a live issue regarding either Egan's claim on the state court judgment or the Trustee's claim to recover the alleged preferential payment.

The Court will deny the motion to withdraw the reference, without prejudice to Egan's renewal of the motion should the adversary action ever proceed to the point where a trial would be required.  With some consistency, courts have concluded that the bankruptcy court is in the best position to shepherd an action in the preliminary stages until such time that is determined that a trial is necessary.  See In re Stansbury Poplar Place, Inc., 13 F.3d 122 (4th Cir. 1993) (suggesting that it is often a preferable exercise of the district court's discretion to leave the case with the bankruptcy court until the trial itself); Furniture Rentors of America v. NYNex Information Resources Co., 162 B.R. 728 (D. Md. 1994) (denying motion to withdraw reference, without prejudice to movant's right to renew motion after pretrial conference).

This Court renders no opinion as to Egan's right to a jury trial.  While Egan makes a sound argument that it would be

unjust to allow a debtor to deprive a creditor of a right to a jury trial by means of a bad faith designation of an undisputed debt as disputed, Egan acknowledges that, before reaching that issue, there would need to be a threshold determination as to whether Moran had a good faith basis to dispute the validity of Egan's state court judgment.  That determination, as well, is best left to the bankruptcy court.

    A separate order consistent with this memorandum will issue.

_____/s/_____
William M. Nickerson
Senior United States District Judge

DATED:  March 8, 2012